<a>
</a>
<s>
</s>
<p>
</p>
<mark>
</mark>



**SO ORDERED.**
SIGNED this 14th day of May, 2012

_Shelley D. Rucker_
**Shelley D. Rucker**
**UNITED STATES BANKRUPTCY JUDGE**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
## SOUTHERN DIVISION

In re:

STEVEN McKENZIE                              No. 08-16378
a/k/a Toby McKenzie                          Chapter 7

      Debtor;

NELSON E. BOWERS, II,

      Plaintiff,

v.                                           Adversary Proceeding
                                             No. 11-1169

RICHARD L. BANKS, ANDREW
B. MORGAN, RICHARD BANKS &
ASSOC., P.C., F. SCOTT LEROY
d/b/a LEROY & BICKERSTAFF,
F. SCOTT LEROY, LEROY &
BICKERSTAFF,PLLC, LEROY,
HURST & BICKERSTAFF, PLLC
and C. KENNETH STILL, and STEVE

A. "TOBY" McKENZIE

        Defendants.

## MEMORANDUM

Defendants F. Scott Leroy d/b/a LeRoy & Bickerstaff, F. Scott LeRoy; LeRoy & Bickerstaff, PLLC; LeRoy, Hurst & Bickerstaff, PLLC (collectively "LeRoy Defendants"); and C. Kenneth Still, trustee ("Trustee") move this court to dismiss the complaint of Plaintiff Nelson E. Bowers, II ("Bowers" or "Plaintiff") in this adversary proceeding. [Doc. Nos. 32, 50].[1] Richard L. Banks, Andrew B. Morgan, and Richard Banks and Assoc. P.C. (collectively the "Banks Defendants" and Steve A. McKenzie ( "Debtor") have not joined in the motion to dismiss. Plaintiff opposes the motions of the Trustee and the LeRoy Defendants. [Doc. Nos. 39, 59].

The court has reviewed the briefing filed by the parties, the pleadings at issue, and the applicable law and makes the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. Due to Bowers' claims being identical to claims brought by his attorneys, Grant Konvalinka & Harrison, P.C. ("GKH"), against these same defendants in other adversary proceedings that this court has previously dismissed and for the reasons previously stated as discussed below, the court will DISMISS Plaintiff's claims against the LeRoy Defendants and the Trustee on the basis of immunity. *See* [Adv. Proc. No. 11-1016, Doc. Nos. 68, 69; Adv. Proc. No. 11-1121, Doc. Nos. 14, 15].

---

[1] All citations to docket entries pertain to docket entries for Adversary Proceeding 11-1169, unless otherwise noted.

I.   **Background Facts**

A.   **Summary of Related Litigation**

The court has traveled this road several times before. It has summarized substantially similar facts involving these same parties in several other memoranda filed in both the main bankruptcy case and in separate adversary proceedings involving similar allegations. *See e.g.* [Adv. Proc. 11-1016, Doc. No. 68; Bankr. Case No. 08-16378, Doc. Nos. 1199, 1387; Adv. Proc. 11-1121, Doc. Nos. 14, 16]. Therefore, in the interest of conservation of judicial resources, the court will incorporate much of its findings of fact and legal analysis from these other rulings by reference as noted below.

The record reveals that Bowers filed his complaint ("Complaint") on December 15, 2011. [Doc. No. 1]. The Complaint asserts that Bowers is a resident of Chattanooga, Tennessee. He was a business associate in a number of transactions with the Debtor prepetition and was a 50% owner with the Debtor in a limited liability company, Cleveland Auto Mall, LLC ("CAM"), which owned acreage at Exit 20 on Interstate 75 in Cleveland, Tennessee.

Defendants Banks and Morgan are attorneys who are affiliated with defendant Richard Banks & Associates, P.C. Mr. Banks represented the Debtor, Steven McKenzie, in the Debtor's main bankruptcy case. Defendant F. Scott LeRoy is also an attorney. He was formerly a general partner with the law firm of LeRoy & Bickerstaff. The Complaint asserts that Mr. LeRoy became a member of a professional limited liability company known as LeRoy & Bickerstaff, PLLC around July 28, 2010, and that the company is now called LeRoy, Hurst & Bickerstaff, PLLC. Defendant C. Kenneth Still is the trustee in the Debtor's main bankruptcy case. *See* Complaint, ¶¶ 1-4.

On November 20, 2008 a group of petitioning creditors filed an involuntary petition in bankruptcy against the Debtor in this court. *See* [Bankruptcy Case No. 08-16378, Doc. No. 1]. On December 10, 2008 the Debtor in his capacity as one of the two members of CAM executed a deed on behalf of CAM which conveyed 50 acres of real property to another limited liability company, Exit 20 Auto Mall, LLC. The Debtor had no ownership in Exit 20 Auto Mall, LLC; however, Bowers had an interest in Exit 20 Auto Mall, LLC. On December 20, 2008 the Debtor filed a Chapter 11 voluntary petition for bankruptcy, Bankruptcy Case No. 08-16987. On January 16, 2009 this court consolidated the two bankruptcy cases. [Bankruptcy Case No. 08-16378, Doc. No. 33]. The Debtor operated as a debtor-in-possession until a trustee was appointed.

The court appointed Mr. Still Chapter 11 trustee for the Debtor on February 20, 2009. [Bankruptcy Case No. 08-16378, Doc. No. 140]. The court converted the case to a Chapter 7 case on June 14, 2010, and Mr. Still continued as the Chapter 7 trustee. [Bankruptcy Case No. 08-16378, Doc. No. 789].

On April 3, 2009 the court granted the Trustee's application to employ the law firm of Evans LeRoy & Hackett, PLLC as his local counsel. [Bankruptcy Case No. 08-16378, Doc. No. 238]. On July 1, 2010 this court granted the Trustee's application to employ Mr. Banks as special litigation counsel to pursue action against Bowers among others. [Bankruptcy Case No. 08-16378, Doc. No. 806].

The Trustee brought two lawsuits against Bowers arising from the transactions between CAM and Exit 20 Auto Mall, LLC. In this adversary proceeding Bowers asserts that both lawsuits were maliciously prosecuted and abused process. The first lawsuit on which Bowers

relies was filed against Bowers and others on August 5, 2010 by the Trustee. Adversary Proceeding 10-1407 ("50 Acre Lawsuit").  *See* [Adv. Proc. No. 10-1407, Doc. No. 1 ("50 Acre Complaint")].  Mr. LeRoy signed the 50 Acre Complaint on behalf of the Trustee.

The 50 Acre Complaint alleged five categories of claims against Bowers: 1) violation of the automatic stay; 2) avoidance of preferences; 3) avoidance of fraudulent transfers; 4) equitable subordination; and 5) claims against insiders.  The 50 Acre Complaint alleged that Bowers assisted another defendant, GKH, to create an entity to receive property of the Debtor's bankruptcy estate after the filing of the involuntary petition in bankruptcy in violation of the automatic stay pursuant to 11 U.S.C. § 362.

The factual allegations all relate to events surrounding the December 10, 2008 member interest transfer of fifty acres of real estate in Bradley County from CAM to Exit 20 Auto Mall, LLC. The Trustee brought all five claims against GKH, John Anderson, a partner at GKH, and Bowers.

The court has reviewed the alleged facts underlying the 50 Acre Complaint in several other opinions, and the court hereby incorporates its prior recitation of such facts by reference. *See* [Bankr. Case No. 08-16378, Doc. Nos. 1199, 1387]; [Adv. Proc. No. 11-1016, Doc. No. 68, pp. 3-6]; [Adv. Proc. No. 11-1121, Doc. No. 14, pp. 2-12; Doc. No. 16, pp. 5-14].  The court hereby incorporates its factual findings relating to the 50 Acre Lawsuit as described in its memorandum pertaining to Adversary Proceeding Number 11-1016 ("50 Acre M/P Lawsuit"). *See* [Adv. Proc. No. 11-1016, Doc. No. 68].

The second lawsuit on which Bowers relies was one brought in Bradley County Chancery Court, on August 6, 2010, by the Trustee and the Debtor, Docket No. 2010-CV-251, against

Bowers; Exit 20 Auto Mall, LLC; John Anderson; and GKH ("Malpractice Lawsuit"). *See* [Adv. Proc. No. 11-1121, Doc. No. 1-3, Ex. 1 ("Malpractice Complaint")].[2] The Trustee and the Debtor asserted causes of action against Bowers and other defendants, including GKH, for breach of fiduciary duty, conflict of interest and civil conspiracy. *Id.* In addition, the Trustee brought a claim of assisting a fiduciary on committing a breach of duty against Bowers alone. This claim raised allegations of breach of fiduciary duty owed to the Debtor as a business partner, as well as undue influence, fraud, and deceit. [Adv. Proc. No. 11-1121, Doc. No. 1-3, Malpractice Complaint, ¶¶ 36-42].

The Malpractice Complaint was resolved by an order of the Chancery Court finding that the Statute of Limitations had run on the claims for breach of fiduciary duty and conflicts of interest arising from the execution of the deed in December 2008. [Doc. No. 1-18, Order of Chancellor Bryant Entered January 26, 2011]. The remaining claims against Bowers and others were voluntarily dismissed by the Debtor and the Trustee. *See* [Doc. No. 1-21, Agreed Order Clarifying Court's Order Entered January 26, 2011 and Resolving Two Pending Motions and Hearing Transcript from February 22, 2011]. GKH was the first defendant to bring a malicious prosecution case against the Trustee, the Debtor and their joint counsel, the Banks Defendants, based on the prosecution of the Malpractice Lawsuit, Adversary Proceeding No. 11-1121 ("GKH Malpractice M/P Lawsuit"). The court dismissed that action as to the Trustee on the basis that the Trustee had immunity in bringing the Malpractice Complaint. [Adv. Proc. No. 11-1121, Doc. Nos. 14, 15]. Bowers now brings this adversary proceeding making the same allegations against the Trustee and his counsel.

---

[2] Bowers admits that the LeRoy Defendants were not involved in the Malpractice Lawsuit (*see* Doc. No. 1, p. 4, ¶ 14; Doc. No. 39, p. 3); therefore, the claims pertaining to the Malpractice Complaint are not brought against the LeRoy Defendants.

This court has described the facts underpinning the Malpractice Complaint in several other memoranda. *See* [Bankr. Case No. 08-16378, Doc. No. 1199, pp. 1-5; Doc. No. 1387, pp. 2-8]; [Adv. Proc. No. 11-1121, Doc. No. 14, pp. 2-12; Doc. No. 16, pp. 5-14]. Bowers' claims of malicious prosecution and abuse of process relating to the Malpractice Lawsuit are identical to the claims brought by GKH in Adversary Proceeding No. 11-1118 and the claims removed from state court by the Trustee in the GKH Malpractice M/P Lawsuit. Bowers alleges no additional basis for his tort claims arising from the Trustee's prosecution of a claim for assisting a fiduciary in breaching a fiduciary duty. In addition, Bowers' two tort claims are based on the same facts as the facts alleged by GKH against the Trustee in Adversary Proceeding No. 11-1118 and the GKH Malpractice M/P Lawsuit. Therefore, as this court has recounted the exact allegations that have led to Bowers' claims against the Defendants on multiple occasions, the court will refrain from paraphrasing them here. The court hereby incorporates by reference its findings of fact made in these prior memoranda relating to the Debtor's main bankruptcy case and to the GKH Malpractice M/P Lawsuit brought by GKH against the Trustee, the Debtor, and the Banks Defendants, Adversary Proceeding No. 11-1121. *See* [Bankr. Case No. 08-16378, Doc. No. 1199, pp. 1-5; Doc. No. 1387, pp. 2-8]; [Adv. Proc. No. 11-1121, Doc. No. 16, pp. 5-14; Doc. No. 14, pp. 2-12].

    B.    **50 Acre M/P Lawsuit Claims and Arguments**

In the 50 Acre M/P Lawsuit, GKH brought claims of malicious prosecution and abuse of process against the Trustee and the LeRoy Defendants. [Adv. Proc. No. 11-1016, Doc. No. 1]. In asserting its claims, GKH alleged that the Trustee and the LeRoy Defendants failed properly and diligently to conduct an investigation into their claims against GKH. GKH alleged that the

Trustee and the LeRoy Defendants brought the 50 Acre Lawsuit with malice and in an attempt to extort settlement proceeds from GKH. The Trustee and the LeRoy Defendants moved to dismiss the 50 Acre Lawsuit. [Adv. Proc. 11-1016, Doc. Nos. 41, 48]. In their briefs supporting the motions to dismiss, these defendants argued that the Bankruptcy Code preempted GKH's claims; the 50 Acre Complaint did not contain sufficient allegations of fact to state claims for relief; and that service of the summons and complaint was insufficient. *Id.*

This court then ordered the parties to file supplemental briefing addressing the question of trustee immunity, including the specific cases of *Kirk v. Hendon (In re Heinsohn)*, 231 B.R. 48 (Bankr. E.D. Tenn. 1999); *Kirk v. Hendon (In re Heinsohn)*, 247 B.R. 237 (E.D. Tenn. 2000); *Honigman, Miller, Schwartz & Cohn v. Weitzman (In re DeLorean Motor Co.)*, 155 B.R. 521 (B.A.P. 9th Cir. 1993); and *Lowenbraun v. Canary (In re Lowenbraun)*, 453 F.3d 314 (6th Cir. 2006). [Adv. Proc. No. 11-1016, Doc. No. 60]. The Trustee and the LeRoy Defendants filed the requested briefing addressing trustee immunity. [Adv. Proc. No. 11-1016, Doc. Nos. 62, 63]. GKH also filed supplemental briefing arguing that the Trustee and the LeRoy Defendants could not obtain the benefit of the doctrine of immunity due to their willful and deliberate acts of misconduct and for the reason their actions were *ultra vires* outside the scope of their authority. [Adv. Proc. No. 11-1016, Doc. No. 65]. In its memorandum issued along with the order granting the Trustee's and LeRoy Defendants' motions to dismiss, the court reviewed the issue of trustee immunity, the trustee's duties under the Bankruptcy Code, the extension of trustee immunity to counsel for the trustee, whether the Trustee's actions were beyond the scope of his authority or *ultra vires*, probable cause for the Trustee's actions, and the defendants' arguments pertaining to

preemption, failure to state a claim, and improper service. [Adv. Proc. No. 11-1016, Doc. No. 68].

### C. GKH Malpractice M/P Lawsuit Claims and Arguments

In the GKH Malpractice M/P Lawsuit GKH brought claims against the Trustee for malicious prosecution and abuse of process in Hamilton County Circuit Court. The GKH Malpractice M/P Complaint quoted extensively from the Malpractice Complaint and alleged that GKH and Bowers had both moved to dismiss the Malpractice Complaint. [Adv. Proc. No. 11-1121, Doc. No. 1-2]. The GKH Malpractice M/P Complaint also quoted extensively from the hearing transcript of the hearing dismissing the 50 Acre Lawsuit. *Id.* GKH asserted in its GKH Malpractice M/P Complaint that the Trustee should have known he lacked probable cause for the Malpractice Lawsuit claims following the dismissal of the 50 Acre Lawsuit. *Id.* In its claims section GKH asserted that the Trustee brought the Malpractice Lawsuit with malice and in an attempt to extort settlement funds from GKH. It further asserted that the Trustee failed to conduct basic legal research relating to his claims. *Id.*

The Trustee removed the GKH Malpractice M/P Complaint to this court. [Adv. Proc. No. 11-1121, Doc. No. 1]. GKH moved to remand the GKH Malpractice M/P Lawsuit, and the Trustee moved to dismiss the claims against him. [Adv. Proc. No. 11-1121, Doc. Nos. 3, 5]. In his brief supporting his motion to dismiss, the Trustee argued that he is absolutely immune for his actions taken in filing the Malpractice Complaint. [Adv. Proc. No. 11-1121, Doc. No. 5]. The Trustee relied on many of the same cases that the court asked the parties to address in its order for supplemental briefing relating to the 50 Acre M/P Lawsuit. *Id.* The Trustee also argued that

the GKH Malpractice M/P Complaint failed to state a claim and that GKH's claims were preempted by the Bankruptcy Code. *Id.*

In response to the Trustee's motion to dismiss, GKH argued that its allegations in the GKH Malpractice M/C Complaint and its companion bankruptcy adversary proceeding, Adversary Proceeding No. 11-1118, raised sufficient issues of fact in support of its claims for malicious prosecution and abuse of process to withstand a motion to dismiss. [Adv. Proc. No. 11-1118, Doc. No. 21; Adv. Proc. No. 11-1121, Doc. No. 8]. GKH also argued that the Trustee was not entitled to immunity based on his willful and deliberate acts of misconduct. It further asserted that the Trustee's actions exceeded the scope of his authority and were thus *ultra vires*. *Id.* In making these arguments, GKH relied on many of the same cases it relied on for support of its opposition to the motions to dismiss the 50 Acre M/P Lawsuit, including *Teton Millwork Sales v. Schlossberg*, 311 F.App'x 145, 2009 WL 323141 (10th Cir. 2009); *Leonard v. Vrooman*, 383 F.2d 556 (9th Cir. 1967); *In re Markos Gurnee Partnership*, 182 B.R. 211 (Bankr. N.D. Ill. 1995); and *Ziegler v. Pitney*, 139 F.2d 595 (2d Cir. 1943). *Compare* [Adv. Proc. No. 11-1118, Doc. No. 21, pp. 37-42] and [Adv. Proc. No. 11-1016, Doc. No. 65, pp. 7-10].

In its opinion this court again addressed the doctrine of trustee immunity, a trustee's duties under the Bankruptcy Code, the exceptions to the doctrine of trustee immunity, such as breach of fiduciary duty, *ultra vires* actions, balancing the interests of third parties, and not obtaining approval from this court to sue. [Adv. Proc. No. 11-1121, Doc. No. 14]. The court addressed many of the same cases that GKH relied upon in its opposition to the motion to dismiss the 50 Acre M/P Lawsuit. *See id.* at pp. 27-29. The court also addressed arguments

Case 1:11-ap-01169-SDR   Doc 60   Filed 05/15/12   Entered 05/15/12 08:55:15   Desc
Main Document - Memorandum/Opinion   Page 11 of 19

pertaining to failure to state a claim and indicated that it would continue to decline to address preemption because it would constitute dicta. *Id.* at pp. 34-38.

> **D. Similarities Between Bowers' Claims and Arguments and GKH's Claims and Arguments Raised in the 50 Acre M/P Lawsuit and the GKH Malpractice M/P Lawsuit**

In his Complaint Bowers alleges malicious prosecution and abuse of process claims against the Trustee for his role in prosecuting the 50 Acre Lawsuit and the Malpractice Lawsuit and against the LeRoy Defendants for their role in prosecuting the 50 Acre Lawsuit. The Complaint quotes extensively from the Malpractice Complaint and discusses the facts pertaining to the dismissal of the 50 Acre Lawsuit. [Doc. No. 1]. It also quotes extensively from the hearing pertaining to the dismissal of the 50 Acre Lawsuit. The Complaint further discusses the Trustee's failure to dismiss the Malpractice Lawsuit following the bankruptcy court's dismissal of the 50 Acre Lawsuit. Bowers' Complaint recounts the resolution of the Malpractice Lawsuit following the dismissal of the 50 Acre Lawsuit. Bowers asserts that the Trustee and the LeRoy Defendants lacked probable cause for their actions, in much the same way that GKH asserted lack of probable cause in the 50 Acre M/P Lawsuit and the GKH Malpractice M/P Lawsuit. Bowers alleges in his Complaint that the defendants failed to conduct research into the basic law behind their claims and brought such claims in an attempt to extort settlement proceeds from Bowers. *Id.* at pp. 23-24. These allegations mirror the allegations that GKH made against the Trustee and the LeRoy Defendants in the 50 Acre M/P Lawsuit and the GKH Malpractice M/P Lawsuit.

The LeRoy Defendants and the Trustee have moved to dismiss this adversary proceeding. [Doc. Nos. 32, 50]. In their motions to dismiss, these defendants raise the same arguments that were raised in their motions to dismiss the 50 Acre M/P Lawsuit and the GKH Malpractice M/P

Complaint brought by GKH. In this motion the LeRoy Defendants outline the history of the various related adversary proceedings and motions in the main bankruptcy case, including the 50 Acre Lawsuit and the Malpractice Complaint. The LeRoy Defendants and the Trustee argue that they are immune from Bowers' tort claims, his tort claims are preempted by the Bankruptcy Code, and that he fails to state a prima facie case for his two tort claims. [Doc. No. 33, p. 12]. As the LeRoy Defendants note, "[t]hese factual and legal issues have all come up before. . . ." *Id.* The LeRoy Defendants and the Trustee again discuss the relevance of the cases the court ordered them to address in supplemental briefing in the 50 Acre M/P Lawsuit, including *In re Heinsohn*, 231 B.R. at 60-61; *Allard v. Weitzman (In re Delorean Motor Co.)*, 991 F.2d 1236 (6th Cir. 1993), and *In re Lowenbraun*, 453 F.3d 314. [Doc. No. 33, p. 16]; [Adv. Proc. No. 11-1016, Doc. No. 60]. The Trustee and the LeRoy Defendants also address the scope of the Trustee's duties and how the filing of the actions against Bowers was within the scope of those duties.

In his response to the LeRoy Defendants' motion to dismiss, Bowers echoes the same arguments that GKH made in its opposition to motions to dismiss the 50 Acre M/P Lawsuit and the GKH Malpractice M/P Lawsuit. *Compare* [Doc. No. 39] with [Adv. Proc. No. 11-1016, Doc. Nos. 54, 65] and [Adv. Proc. No. 11-1121, Doc. No. 8]. This is not surprising as GKH represents Bowers in this adversary proceeding. Bowers argues that he has sufficiently pled his claims of malicious prosecution and abuse of process, but adds no new facts to those previously alleged by GKH about the Trustee's and the LeRoy Defendants' actions for the court to consider. As in prior filings by GKH, Bowers quotes extensively from other pleadings related to the various adversary proceedings. Bowers also argues that the Trustee's and the LeRoy Defendant's actions were *ultra vires* and again relies on cases already addressed by this court in its memoranda

pertaining to the 50 Acre M/P Lawsuit and the GKH Malpractice M/P Lawsuit, including *Teton Millwork Sales*, 311 F. App'x 145; *Leonard*, 383 F.2d 556; *Ziegler*, 139 F.2d 595; and *In re Markos Gurnee Partnership*, 182 B.R. 211. [Doc. No. 39, pp. 23-24]. Bowers also addresses cases this court cited in its memorandum opinion dismissing the 50 Acre M/P Lawsuit. *Id.* at 28-29; [Adv. Proc. No. 11-1016, Doc. No. 68, pp. 22-24]. Bowers further discusses the preemption argument that has been addressed by GKH. [Doc. No. 39, pp. 36-41].

**II.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must "treat as true all of the well-pleaded allegations of the complaint." *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)).

The Supreme Court has explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007). The complaint " 'must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.' " *In re DeLorean Motor Co.*, 991 F.2d at 1240 (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

In *Twombly* the Supreme Court emphasized that:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

127 S.Ct. at 1964-65 (citations omitted). *See also, Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986) (noting that "[a]lthough for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation").

### III.   Analysis

This court has analyzed the issues raised in the motions to dismiss filed by the Trustee and the LeRoy Defendants in two other adversary proceedings in which a defendant in the case claimed the Trustee's actions in filing and prosecuting the 50 Acre Lawsuit and the Malpractice Lawsuit were acts of malicious prosecution and abuse of process. *See* [Adv. Proc. No. 11-1016, Doc. No. 68, pp. 7-26; Adv. Proc. No. 11-1121, Doc. No. 14, pp. 13-38]. The 50 Acre M/P Lawsuit pertains to malicious prosecution and abuse of process claims against the Trustee and the LeRoy Defendants with respect to the 50 Acre Complaint. As it did in its memorandum granting the Trustee's and the LeRoy Defendants' motions to dismiss the 50 Acre M/P Lawsuit, the court finds that the Trustee has a duty to investigate the financial affairs of the Debtor and to take action to recover assets for the benefit of the estate. The pursuit of the claims in the 50 Acre Lawsuit against Bowers arise out of the same facts as the claims pursued against GKH and constitute actions taken within the scope of the Trustee's duties. Although the Trustee was unsuccessful, because the prosecution of the lawsuit was within the scope of his duties, the

Trustee is entitled to immunity. The court adopts the authorities cited and reasoning expressed in its memorandum opinion entered on August 12, 2011 in the 50 Acre M/P Lawsuit. [Adv. Proc. 11-1016, Doc. No. 68]; *Grant, Konvalinka & Harrison, P.C. v. Banks et al. (In re McKenzie)*, No. 11-1016, 2011 WL 3585622, at *5-18 (Bankr. E.D. Tenn. Aug. 12, 2011). Based on that analysis, the court also finds that the LeRoy Defendants, as counsel for the Trustee, are also immune.

With respect to the Malpractice Lawsuit, the court finds that the Trustee was also acting within the scope of his duties in bringing that lawsuit against Bowers and is immune from liability for bringing that lawsuit. The court adopts the authorities cited and reasoning expressed in its memorandum opinion issued on March 30, 2012 [Adv. Proc. 11-1121, Doc. No. 14] in support of its finding in this case. *See Grant, Konvalinka & Harrison, P.C. v. Banks et al. (In re McKenzie)*, No. 11-1121, 2012 WL 1116034, at *8-23 (Bankr. E.D. Tenn. Mar. 30, 2012).

In the Malpractice Lawsuit, the Debtor and the Trustee brought two counts against all of the defendants – conflicts of interest/breach of fiduciary duty was designated as Count I and civil conspiracy was designated as Count III. They also brought one count, not quoted in this Complaint, against only Bowers designated as Count II –Assisting a fiduciary in breaching his fiduciary duty. Count II was based on the same factual allegations as the other two counts. Since this count was not brought against GKH, the court has not addressed whether the prosecution of this claim is also subject to the Trustee's defense of immunity.

In the Malpractice Lawsuit, the Debtor and the Trustee alleged that Bowers owed a fiduciary duty to the Debtor as a result of Bowers' business relationships with the Debtor, in particular as a fellow member of CAM. [Doc. No. 1-2, Malpractice Complaint, ¶ 37]. They also

alleged that all of the defendants were the dominant parties in a confidential or fiduciary relationship with the Debtor and exercised undue influence in matters of his personal and business finances. *Id*. at ¶ 38. They allege that Bowers committed the tort of knowingly assisting a fiduciary in committing a breach in the manner described earlier in the Malpractice Complaint. *Id*. at ¶ 39. Although the specific fiduciary was not named in that paragraph of the Malpractice Complaint, the context leads the court to conclude that the fiduciary was GKH based on Count I which does specifically allege that John Anderson and GKH owed a fiduciary duty to the Debtor as his personal legal counsel. *Id*. at ¶ 29.

In the Malpractice Lawsuit, Bowers filed a Motion to Dismiss which addressed this count. Bowers first attacked this count on the basis that the Trustee's pleading was insufficient because there were no specific allegations that Bowers knew that John Anderson or GKH owed a fiduciary duty to the Debtor and that Bowers knew that the John Anderson and GKH were breaching such a duty by their participation in the transaction. [Doc. No. 1-7, Memorandum in Support of Motion to Dismiss, pp. 9-10]. The second defense to this count was that the claim was barred by the statute of limitation. Relying on the case of *Akins v. Edmondson*, 207 S.W. 3d 300, 308(Tenn. Ct. App. 2006), Bowers argued that the statute for aiding and abetting is the statute of limitations applicable to the underlying substantive wrong. *Id*. at pp. 10-11. The Chancellor dismissed the claims for breach of fiduciary duty and conflicts of interest arising out of the signing of a deed in December 2008 because these two causes of action have a one year statute of limitations. [Doc. No. 1-18, Order Entered January 26, 2011].

Bowers does not address each count of the Malpractice Lawsuit separately in his complaint, nor in his response to the Trustee's Motion to Dismiss. The Trustee's motion to

dismiss does seek that the Trustee be dismissed from claims based on the Malpractice Lawsuit. The court has previously found that the Trustee is immune from liability for pursuit of those claims against GKH and Bowers. The court does not find that Count II against Bowers individually should be treated any differently. It arises from the same factual allegation as the other counts. It sought monetary damages. It appears to have been successfully defended based on a statute of limitations defense.

The court finds that the prosecution of this count is also within the scope of the Trustee's duties and the Trustee is immune from liability for bringing the claim. *See* [Adv. Proc. No. 11-1121, Doc. No. 14, pp. 14-16]. As this court has already noted, "[a]pplying 11 U.S.C. §§ 704(a)(1), 704(a)(4), 1115, and 323(b), the court concludes that the Malpractice Lawsuit related directly to the Trustee's statutory duties of collecting assets, pursuing property of the estate and investigating the Debtor's financial affairs." *Id.* at p. 16. The Trustee's attempt to augment the assets of the estate with damages from Bowers for tort violations falls within the scope of his duties. *See e.g. Lawrence v. Jahn (In re Lawrence)*, 219 B.R. 786, 801 (E.D. Tenn. 1998).

Further, to the extent that this count was dismissed based on the expiration of the statute of limitations, Bowers has failed to state a claim for malicious prosecution as there was no determination on the merits. As to this ruling, the court adopts the authorities cited and reasoning expressed in its memorandum dismissing the GKH Malpractice M/P Lawsuit. [Adv. Proc. 11-1121, Doc. No. 14, pp. 35-36].

With respect to Bowers' arguments that the Trustee is not entitled to immunity because his actions were *ultra vires*, as this court noted, the standing to raise the *ultra vires* exception to the *Barton* doctrine requires the aggrieved party to be the owner of the property tortiously taken

and requires a physical taking. *See* [Doc. No. 11-1121, Doc. No. 14, p. 28]. *See also, In re DeLorean Motor Co.*, 991 F.2d at 1241 (explaining the *Barton* Doctrine). As the court explained with respect to GKH, Bowers "has never alleged that he owned the real property that the Trustee was trying to recover in the 50 Acre Lawsuit"; therefore, Bowers has no standing to complain about the Trustee's allegedly *ultra vires* action in trying to recover the transfer of 50 acres for the benefit of the estate. *Id.* Further, even if the corporate veil of Exit 20 Auto Mall, LLC were pierced and Bowers were found to be the owner, there is no allegation that the Trustee ever seized or controlled that real property. The court hereby incorporates its legal analysis from its memoranda pertaining to the Trustee's and the LeRoy Defendants' motions to dismiss the 50 Acre M/P Lawsuit and the GKH Malpractice M/P Lawsuit. [Adv. Proc. No. 11-1016, Doc. No. 68, pp. 7-26; Adv. Proc. No. 11-1121, Doc. No. 14, pp. 13-38] and finds that the *ultra vires* exception to immunity is not applicable here.

The Plaintiff has failed to raise new arguments or issues that require further analysis. The court has reviewed Bowers' opposition to the LeRoy Defendants' and the Trustee's motions to dismiss and concludes that it has adequately addressed all of Bowers' other contentions in its prior opinions as cited above. Therefore, the court will decline to engage in further explication of its finding that the LeRoy Defendants and the Trustee are immune from Bowers' claims. *See* [Adv. Proc. No. 11-1016, Doc. No. 68, pp. 7-26; Adv. Proc. No. 11-1121, Doc. No. 14, pp. 13-38]; *In re Heinsohn*, 231 B.R. at 50; *In re Lowenbraun*, 453 F.3d at 319; *Matter of Linton*, 136 F.3d 544 (7th Cir. 1998). The claims of malicious prosecution and abuse of process against the Trustee and the LeRoy Defendants will be DISMISSED with prejudice.

## IV. Conclusion

As explained *supra*, the court concludes that the LeRoy Defendants and the Trustee are entitled to immunity from further prosecution of this adversary proceeding against them. The Trustee and his counsel are protected by the doctrine of immunity. The Trustee's and the LeRoy Defendants' motions to dismiss will be GRANTED. Bowers' claims against them will be DISMISSED with prejudice.

A separate order will enter.

# # #