UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| IN RE: ) | |
| DAVID W. NOBLIT, ) | Case No. 1:12-CV-336 |
| Administrator ad litem of the estate of ) | Case No. 1:12-CV-340 |
| Steve A. McKenzie, deceased, ) | |
| ) | Judge Curtis L. Collier |
| Debtor ) | |
| ) | |

## MEMORANDUM

Before the Court are two appeals from orders issued by the United States Bankruptcy Court for the Eastern District of Tennessee (Rucker, J.). The first order, which is the subject of the appeal in 1:12-CV-336, dismissed an adversary action filed by Appellant Nelson E. Bowers, II ("Bowers") on May 15, 2012, on the grounds that Appellees[1] F. Scott Leroy d/b/a LeRoy & Bickerstaff, F. Scott Leroy, Leroy & Bickerstaff, PLLC, and Leroy, Hurst & Bickerstaff, PLLC (the "Leroy Defendants") and Trustee C. Kenneth Still (the "Trustee" or "Still") (collectively, "Appellees") were entitled to immunity (the "May 15 Order") (Case No. 1:12-CV-336, Court File No. 14-3 at 152-72). The second order, which is the subject of the appeal in 1:12-CV-340, dismissed an adversary action filed by Appellant John R. Anderson ("Anderson") on May 18, 2012, against Appellees because the bankruptcy court again determined Appellees were entitled to immunity (the "May 18 Order") (Case No. 1:12-CV-340, Court File No. 8-14 at 20-37).[2] Appellant Bowers and Appellant Anderson

---

[1] Also listed among Appellees were Richard L. Banks, Andrew B. Morgan, and Richard Banks & Associates, P.C. (the "Banks Defendants"). Pursuant to a joint motion to dismiss filed by Appellant and Appellees in both cases, the Banks Defendants have been dismissed from Case Nos. 1:12-CV-336 and 1:12-CV-340 with prejudice because all matters in controversy have been resolved (Case No. 1:12-CV-336, Court File No. 30; Case No. 1:12-CV-340, Court File No. 26).

[2] Both orders were subsequently certified as appealable as final orders by the bankruptcy court.

("Appellants") filed opening briefs, Appellees filed response briefs, and Appellants filed reply briefs. Given that Appellants' briefs are nearly identical and involve common questions of law and fact, the Court has decided to consolidate the cases in the interest of judicial economy and pursuant to its authority under Rule 42 of the Federal Rules of Civil Procedure. Oral arguments for counsel in both cases were held on July 24, 2013.

The Court has given careful thought to the parties' arguments in their briefs, the relevant case law, and the evidentiary record. For the following reasons, the Court will **AFFIRM** the judgment of the bankruptcy court in 1:12-CV-336 and **AFFIRM** the judgment of the bankruptcy court in 1:12-CV-340.

I. **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**[3]

This case began as an involuntary Chapter 7 bankruptcy action filed against now-deceased Debtor Steve A. McKenzie ("McKenzie") on November 11, 2008, in the United States Bankruptcy Court for the Eastern District of Tennessee. The Chapter 7 bankruptcy was refiled as a voluntary Chapter 11 bankruptcy, and the two cases were later consolidated. Although numerous appeals have stemmed from this bankruptcy action, the majority of which were filed by Grant, Konvalinka & Harrison, P.C. ("GKH"), the Court will limit its discussion of the factual background to information relevant to the instant appeals filed by Appellants Bowers and Anderson.

As Appellants and Appellees have both explained, two underlying actions filed by the Trustee and/or the Leroy Defendants are at issue. The first adversary action (the "Avoidance

---

[3] The factual background comes from information in the documents and exhibits filed by the parties unless otherwise noted.

2

Action") was filed on August 5, 2010, by the Trustee and his counsel, the Leroy Defendants, against Bowers, Anderson, GKH, and other parties before Bankruptcy Court Judge John C. Cook. In the complaint, the Trustee alleged violations of the automatic stay, avoidance of preferences, avoidance of fraudulent transfers, equitable subordination, and claims against insiders. At the heart of the Trustee's complaint was an allegation that GKH assisted Bowers (a client of GKH who, along with debtor Steve McKenzie, was a 50% member in a company named Cleveland Auto Mall, LLC) in creating a separate entity called Exit 20, LLC to receive property from Cleveland Auto Mall, LLC after the filing of the involuntary bankruptcy petition and in violation of the automatic stay. Judge Cook dismissed the Trustee's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on December 16, 2010.

The second underlying action at issue (the "Bradley County Action") is an adversary action filed by the Trustee and McKenzie via counsel[4] on August 6, 2010, in Bradley County, Tennessee against Bowers, Anderson, GKH, and another party. The complaint alleged claims of breach of fiduciary duty and conflict of interest, assisting a fiduciary on committing a breach of duty, and civil conspiracy. On January 26, 2011, the Chancery Court of Bradley County dismissed two of Appellees' claims due to the passing of the applicable statute of limitations. On March 4, 2011, the parties entered an agreed order dismissing the remaining counts in the Bradley County Action.

In response to the filing of the Avoidance Action and the Bradley County Action, Bowers and Anderson filed separate but nearly identical complaints against Appellees in bankruptcy court alleging, *inter alia*, malicious prosecution and abuse of process. The complaints were substantially

---

[4] The Leroy Defendants did not serve as counsel with respect to the Bradley County Complaint nor were they involved with the Bradley County Complaint in any form.

similar to complaints filed by GKH, which have also been considered by the bankruptcy court, this Court, and most recently, the United States Court of Appeals for the Sixth Circuit. The bankruptcy court issued a memorandum and order on May 15, 2012, dismissing Bowers' claims against Appellees on the grounds that the Trustee and his counsel were entitled to immunity. The bankruptcy court issued a memorandum and order on May 18, 2012, dismissing Anderson's claims against Appellees for similar reasons.

## II. STANDARD OF REVIEW

The district court has appellate jurisdiction to hear appeals from final judgments and orders of the bankruptcy court pursuant to 28 U.S.C. § 158(a)(1). The bankruptcy court's factual findings are reviewed for clear error and its conclusions of law are reviewed *de novo*. *In re Behlke*, 358 F.3d 429, 433 (6th Cir. 2004). A finding of fact is considered clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). A bankruptcy court's decision to dismiss a case is generally reviewed for abuse of discretion. *In re DSC, Ltd.*, 486 F.3d 940, 944 (6th Cir. 2007).

Several of Appellants' claims were dismissed by the bankruptcy court under Rules 12(b) and 12(c) of the Federal Rules of Civil Procedure, which were expressly adopted by Federal Rule of Bankruptcy Procedure 7012(b). A motion to dismiss filed pursuant to Rule 12(b)(6) "allow[s] a defendant to test whether, as a matter of law, [a] plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Court must "construe the complaint in the light most favorable to the plaintiff" and "accept all factual allegations as true." *Paige v. Coyner*, 614 F.3d 273, 277 (2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Bare assertions of legal conclusions are insufficient as well as "threadbare recitals" of the elements of a cause of action. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1939-40 (2009). Moreover, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Paige*, 614 F.3d at 277. A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556. If a genuine issue of material fact exists, the motion to dismiss should be denied. *Hollins v. Methodist Healthcare, Inc.*, 474 F.3d 223, 225 (6th Cir. 2007).

A motion for judgment on the pleadings under Rule 12(c) is considered using the same standard of review as a Rule 12(b)(6) motion. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Under this standard, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (citing *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *JP Morgan Chase Bank*, 510 F.3d at 581-82.

### III. DISCUSSION

**Did the Bankruptcy Court Err in Concluding, as a Matter of Law and Without Allowing Appellants' to Conduct any Discovery, that Appellees were Entitled to**

**Immunity from Appellants' Claims?**[5]

Appellant Bowers and Appellant Anderson argue the bankruptcy court erred in determining Appellees were entitled to immunity in their cases.[6] Similar to the arguments raised by GKH on appeal with respect to the Avoidance Action and the Bradley County Action, Appellants contend at least two recognized exceptions to immunity applied to Appellees' conduct--(1) the Trustee failed to obtain court approval before taking action and (2) the Trustee exceeded his authority when he attempted to obtain property outside the bankruptcy estate. Further, Appellants claim the bankruptcy court erred when it dismissed the actions without granting Appellants an opportunity to conduct discovery on the immunity issue.

Appellees, on the other hand, argue the bankruptcy court properly concluded Appellees were entitled to immunity. Appellees direct the Court to the recent decision of the United States Court of Appeals for the Sixth Circuit, *In re McKenzie*, 716 F.3d 404 (6th Cir. 2013), in which the Sixth Circuit affirmed the decision of the bankruptcy court with respect to nearly indistinguishable appeals filed by GKH. In particular, Appellees point out that the Sixth Circuit held a trustee's immunity is not predicated on prior court approval. Appellees further note the Sixth Circuit held the Trustee did not act outside the scope of his official duties when he filed the Avoidance Complaint and the

---

[5] Because Bowers and Anderson's arguments are nearly identical in both substance and form, the Court will address their arguments together.

[6] Appellants have not specifically appealed the application of the Trustee's immunity to his counsel. However, "as a matter of law, counsel for trustee, court appointed officers who represent the estate, are the functional equivalent of a trustee, where as here, they act at the direction of the trustee and for the purpose of administering the estate or protecting its assets." *Allard v. Weitzman (In re Delorean Motor Co.)*, 991 F.2d 1236, 1241 (6th Cir. 1993). Therefore, to the extent the Trustee is immune in this case the same analysis and conclusions would apply to the Trustee's counsel.

6

Bradley County Complaint. Because Appellees argue the *In re McKenzie* decision is directly applicable to the instant appeals, they aver this Court should affirm the bankruptcy court's dismissal of Bowers and Anderson's complaints.

The Sixth Circuit's *In re McKenzie* decision squarely addresses the issues raised on appeal by Bowers and Anderson. In *In re McKenzie*, the Sixth Circuit considered on appeal the bankruptcy court's decisions to, *inter alia*, (1) dismiss GKH's adversary action brought after the Trustee's Avoidance Action had been dismissed and (2) deny GKH's motion for leave to sue the Trustee in state court in light of the Bradley County Action. 716 F.3d at 411. The primary issue raised by GKH that is pertinent to the instant appeals was whether the bankruptcy court had erred in dismissing the adversary complaints filed by GKH on the basis of immunity. That issue can be further subdivided into the following questions: (1) whether the Trustee had to obtain prior court approval before being able to assert an immunity defense and (2) whether the Trustee exceeded his authority such that the immunity defense is inapplicable.

### A.   Prior Court Approval

Appellants argue the bankruptcy court erred in concluding immunity was applicable because the Trustee and counsel filed the Avoidance Action and the Bradley County Action without prior court approval. Relying on *In re Kashani*, 190 B.R. 875 (BAP 9th Cir. 1995), and cases from various circuits, Appellants contend a trustee and his counsel can "be sued in their individual capacities and are precluded from asserting an affirmative defense of immunity where an alleged trustee acts without and/or exceeds what, if any, authority (engages in ultra-vires acts of attempting to obtain property not part of the bankruptcy estate) and/or fails to seek the protection of obtaining court approval before performing the acts for which he has been sued" (Case No. 1:12-CV-336, Court File

No. 21 at 17-18; Case No. 1:12-CV-340, Court File No. 15 at 17). Appellants claim the Trustee and his counsel failed to seek court approval before filing either the Avoidance Action or the Bradley County Action.

The Sixth Circuit, however, made clear in *In re McKenzie* that prior court approval is not required in most instances. Specifically, the Court noted that GKH--just like Appellants here--relied almost entirely upon *In re Kashani* for the conclusion that a trustee must always obtain prior court approval in order to assert an immunity defense. However, according to the Sixth Circuit, *In re Kashani* stands for a much narrower proposition: "a trustee may shield himself from personal liability for breach of his fiduciary duties by obtaining prior approval for acts within the scope of his official duties. It does not support GKH's assertion that prior court approval is *always* required." *Id.* at 414. The Sixth Circuit concluded that "a trustee is not required to obtain prior court approval in order to invoke quasi-judicial immunity from suit by a third party for actions taken by the trustee on behalf of the estate and within the scope of his authority." Thus, contrary to Appellants' assertions, the Trustee was not required to obtain prior court approval in order to assert a defense of quasi-judicial immunity in response to the suits filed by Appellants.

B.  **Scope of Authority**

Next, Appellants argue the Trustee and his counsel engaged in *ultra vires* acts--that is, they acted outside the scope of their authority--when they filed the Avoidance Action and the Bradley County Action and should not, therefore, be entitled to immunity. It is apparent, however, after reviewing the bankruptcy court's orders (which resemble in large part the orders issued with respect to GKH's cases) and considering the Sixth Circuit's analysis in *In re McKenzie*, that the bankruptcy court did not err when it determined the complaints filed by Appellants must be dismissed. The

8

Court will address the arguments raised by Appellants in turn.

### i. Seizure of Property

Appellants claim the Trustee and counsel acted outside the scope of their authority because the property at issue that the Trustee was trying to recover or seize was not property of McKenzie's bankruptcy estate. In support of this argument, Appellants argue the bankruptcy court improperly distinguished between an "attempt" to seize property versus an actual seizure of property in concluding the Trustee and counsel had not committed an *ultra vires* act.

As the Sixth Circuit explained in *In re McKenzie*, in these and related instances, the court must determine "whether the trustee was acting in his official capacity and within the scope of his authority." 716 F.3d at 414. In making this determination, there is "a presumption that actions taken in a trustee's official capacity 'were a part of the trustee's duties' unless facts demonstrating otherwise were alleged at the outset." *Id.* at 415 (citing *In re Lowenbraun*, 453 F.3d 314, 322 (6th Cir. 2006)). "The situation in which trustees have been most commonly found to have acted outside of their authority is in seizing property which is found not to be property of the estate." *Id.* (quoting *Schechter v. State of Ill. (In re Markos Gurnee P'ship)*, 182 B.R. 211, 217 (Bankr. N.D. Ill. 1995), *aff'd* 195 B.R. 380 (N.D. Ill. 1996)). With regard to the Avoidance Action, GKH argued that the Trustee's "attempts" to seize the property at issue were *ultra vires* acts. The Sixth Circuit, however, determined GKH's arguments were misguided, observing that the Trustee took the proper course of action when he filed the adversary actions to determine the rights and interests of the estate. *In re McKenzie*, 716 F.3d at 415-16. Similarly, with regard to the Bradley County Action, the Sixth Circuit determined the Trustee's actions "cannot be equated to a trustee's physical seizure of property not belonging to the estate." *Id.* at 422. Hence, because the Sixth Circuit determined the

9

Trustee's acts in filing the Avoidance Action and Bradley County Action could not be equated with the Trustee "seizing" property--and because Appellants here attempt to make the same argument as GKH in their briefs--the Court concludes Appellants' arguments must be rejected.

### ii. Additional Grounds for Dismissal

Appellants claim Judge Rucker erred in concluding the Trustee and his counsel did not exceed the scope of their authority and were entitled to immunity for several other reasons. Among other things, Appellants note Bankruptcy Judge Cook dismissed the complaint in the Avoidance Action in his December 16, 2010 decision after concluding as a matter of law that the property at issue did not belong to McKenzie or his bankruptcy estate. Appellants argue the Trustee was either reckless in failing to perform the necessary research to reach this same determination on his own or intentionally and willfully chose to pursue the litigation despite knowing he was acting in contravention of the law. Either way, Appellants claim Judge Cook's decision supports their argument that the Trustee acted outside the scope of his authority in pursuing the litigation against them. Appellants also argue Judge Rucker's conclusion that the Trustee was performing his duty of "collect[ing] and reduc[ing] to money the property of the estate" pursuant to 11 U.S.C. § 704(a)(1) actually ignored the "timing, circumstances, and ulterior motives" behind the Trustee's filings (Case No. 1:12-CV-336, Court File No. 21 at 28; Case No. 1:12-CV-340, Court File No. 15 at 26). Finally, Appellants argue Judge Rucker "failed to acknowledge the interests of such third parties and inappropriately weighed evidence and dismissed [the cases] without allowing [Bowers and Anderson] the opportunity for any discovery to at least question Still and the LeRoy Defendants about the possible motives and alleged possible justifications suggested by the [bankruptcy] [c]ourt" (Case No. 1:12-CV-336, Court File No. 21 at 28-29; Case No. 1:12-CV-340, Court File No. 15 at

10

27).

The Court, however, observes the Sixth Circuit considered these and other related arguments in *In re McKenzie*. Relying upon 11 U.S.C. § 704(a)(1) and 11 U.S.C. § 323, the Sixth Circuit observed, "[t]here can be little doubt that a Chapter 7 trustee's filing of an adversary proceeding against a third party on behalf of the bankruptcy estate is a function generally performed in his official capacity and within the scope of his authority." *Id.* at 416. With regard to the Avoidance Action, the Sixth Circuit determined the bankruptcy court thoroughly considered all of the issues raised by GKH, did not improperly weigh the evidence, and adequately justified its decision by considering the relevant statutes and case law, as well as pertinent policy rationales. The Sixth Circuit also observed that the bankruptcy court determined allowing discovery as requested by GKH would merely "serve as a distraction during the ongoing main bankruptcy matter and may preclude [the Trustee and counsel] from fully focusing on their duties relating to administration of the Debtor's estate." *Id.* at 416-18. The Sixth Circuit ultimately affirmed the bankruptcy court's decision that the Trustee and his counsel were entitled to quasi-judicial immunity with regard to the Avoidance Action noting that "[t]he function, filing suit on behalf of the estate in seeking to avoid a potentially fraudulent transfer, is authorized by statute, and exposure to potential liability for doing so would have a negative effect on the appropriate exercise of that function." *Id.* at 418.

With regard to the Bradley County Action, the Sixth Circuit reached a similar conclusion even though it did not reach the merits of GKH's motion because the issue before the court was whether to grant GKH leave to sue the Trustee in state court. In determining whether GKH should be granted leave to sue in state court, however, the Sixth Circuit still had to engage in a similar analysis in which it considered whether the Trustee had engaged in an *ultra vires* act and exceeded

11

the scope of his authority. After considering the relevant case law, the Sixth Circuit concluded "the Trustee's actions in filing and pursuing the Bradley County Complaint were taken in pursuit of possible assets of the estate and fell within the broad scope of the Trustee's duties and obligations under 11 U.S.C. § 704." *Id.* at 422.

In the instant case, the Court observes Appellants have raised nearly identical arguments as those raised by GKH with respect to the Avoidance Action and the Bradley County Action. Moreover, the bankruptcy court orders at issue are substantially similar to those at issue in GKH's appeals, in large part because the bankruptcy court adopted the authorities cited and reasoning expressed in its *GKH* decisions. Taking all of the above into account, the Court concludes the Trustee and his counsel acted within the scope of their duties in filing the Avoidance Action and the Bradley County Action. Furthermore, the Court finds the bankruptcy court did not err in concluding, as a matter of law and without allowing Appellants to conduct discovery, that Appellees were entitled to immunity from Appellants' claims.

## IV. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the judgment of the bankruptcy court in 1:11-CV-336 and **AFFIRMS** the judgment of the bankruptcy court in 1:11-CV-340. As no further matters remain for adjudication, the Clerk of Court is directed to **CLOSE** these cases.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**